**Rosella A. HARPER, on behalf of herself and all other similarly situated, Appellant**

v.

**TRANS UNION, LLC; Equifax Information Services LLC; Experian Information Solutions, Inc.**

No. 07–2332.

United States Court of Appeals, Third Circuit.

Argued Oct. 30, 2008.

Filed: Nov. 26, 2008.

James A. Francis (Argued), Francis & Mailman, Philadelphia, PA, Leonard A. Bennett, Newport News, VA, Cary L. Flitter, Lundy, Flitter, Beldecos & Berger, Narberth, PA, for Appellant Rosella A. Harper.

Mark E. Kogan (Argued), Kogan, Trichon & Wertheimer, Philadelphia, PA, for Appellee Trans Union LLC.

Thomas C. Harney (Argued), Kirkpatrick Stockton, Atlanta, GA, for Appellee Equifax Information Services LLC.

Harold C. Hirshman (Argued), Sonnenschein, Nath & Rosenthal, Chicago, IL, William J. Leonard, Oberymayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, for Appellee Experian Information Solutions, Inc.

Before: SLOVITER, STAPLETON, and TASHIMA,* Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

Appellant Rosella Harper appeals, pursuant to Fed.R.Civ.P. 23(f), the District Court's order denying certification of her proposed class action brought under the Fair Credit Reporting Act ("FRCA"). The action was filed against three credit reporting agencies, Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC ("Appellees," collectively), claiming that they willfully and negligently violated the FCRA by inaccurately reporting the bankruptcy histories of the putative class members.

The putative class consists of 3,718 persons who opted out of a similar class action against the same defendants that was pending in the District of South Carolina and that was settled without requiring any monetary payment by defendants. Harper's putative class seeks statutory damages provided under 15 U.S.C. § 1681n of the FCRA. The District Court denied class certification, holding that class members would need to prove individual harm, and because of that requirement the court was unable to conclude that common questions predominated.

The defendants filed motions for summary judgment in the District Court. They argue that under *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007), they cannot be found to have willfully violated the FCRA. The District Court has not yet acted on those motions. Defendants/Appellees have filed a motion with this court to stay the appeal pending the District Court's ruling on summary judgment. They reason that if the District Court grants them summary judgment on the ground that Harper's willfulness claim is precluded by *Safeco*, there would be no basis for Harper's class action.

We express no view on the merits of the Appellees' legal position. Nonetheless, we are persuaded that the procedure they suggest is an efficient one. Accordingly, we will stay this appeal pending the District Court's disposition of Appellees' motions for summary judgment.

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.